**B. F. ACUFF et al., Petitioners,**

v.

**Charles A. LANSDELL et al., Respondents.**

Supreme Court of Tennessee.

May 12, 1975.

Sam F. Cole, Jr., Memphis, for petitioners.

Tom P. Mitchell, Memphis, Troy W. Tomlin, Somerville, for respondents.

## OPINION

HARBISON, Justice.

This case involves a controversy over the right to use a remote rural road in Fayette County. The parties are adjoining landowners. The road in question runs from west to east across the farm of Mr. Lansdell, respondent here, approaches the farm of the petitioners Acuff, and then turns northerly to a new public road. In its course it runs along or near the boundary between the two farms.

In prior litigation between these parties in the late 1960s, the Court of Appeals, Western Section, held that the road in question was a public road. Although the road was no longer worked or maintained by the county, the Court of Appeals held that property owners along the right of way continued to have a right to use the road. It was expressly held that the respondent Lansdell was not entitled to place obstructions on the road in question "which is a public road".

The opinion of the Court of Appeals, filed on September 15, 1968, ordered a suit brought by Lansdell to be dismissed, without prejudice, however, to his right to apply to the Quarterly County Court of Fayette County for permission to place gates across the road in question under the authority of T.C.A. § 54–923.

The present suit was filed by the petitioners Acuff on March 3, 1972. Their complaint alleged that they had continued to try to use the right of way after the decision by the Court of Appeals, but that Lansdell from time to time put obstructions in the roadway and at one time actually built a fence, setting a number of posts in the roadway itself. These allegations were sustained by proof, not only from the petitioners but from the respondent. Mr. Lansdell, his wife and one of his daughters all admitted that Mr. Lansdell had set some posts in "one track" of this roadway. Petitioners proved that they were forced to expend $197.15 in labor costs to have obstructions removed from the road.

On January 17, 1972 the Quarterly County Court of Fayette County, against the advice of the County Attorney, passed a resolution purporting to close the road "if this action is legal." The County Attorney had advised against the action, because a Private Act governing Fayette County puts exclusive jurisdiction to close the road in the County Highway Commission. There has been no action on the part of the County Highway Commission, insofar as the record before us discloses.

Petitioners, in their present action, sought a declaration of the validity of this resolution of the County Court, together with an injunction against Lansdell and the County from further obstructing the road and damages for their expenses previously incurred.

In his answer, respondent Lansdell denied liability, but he also sought a declaration as to the rights of the parties, and specifically as to whether the road should be maintained by the County or as to whether the County should be ordered to

classify the road, and a determination as to whether the parties should be permitted to install cattle crossings wherever necessary.

The County Attorney filed an answer on behalf of the county, denying any liability to any of the parties in damages, and taking a somewhat equivocal position with regard to the resolution of the Quarterly County Court. The answer admits the passage of the resolution and admits the applicability of the Private Act in question to Fayette County, placing jurisdiction to close a public road under the County Highway Commission. The answer denies that there was any contempt of court involved or any illegal or arbitrary action taken.

After filing its answer, the County apparently took no further part in this litigation. It has not participated in the appeal.

The case was set for trial on oral testimony in the spring of 1972. As pointed out in the opinion of the Court of Appeals in this case, the testimony is vague and inexact. The parties and witnesses apparently had before them exhibits or maps taken from the previous litigation, but none of these were filed in evidence in the present case, or even identified in the transcript. It is therefore almost impossible for an appellate court to follow the testimony, which involved a serious dispute among all of the witnesses as to exactly where the old road in question lay.

The chancellor who heard the case made some oral statements from the bench at the conclusion of the hearing, but he never entered any sort of decree in the action. After he went out of office, his successor undertook to review the bill of exceptions. He concluded that the Private Act in question placed jurisdiction in the County Highway Commission, and that the purported resolution of the Quarterly County Court was "ambiguous and of no effect." He held that the oral findings and statements of the previous chancellor were without legal effect in the case. He concluded that the case presented nothing but questions of law, and not issues of fact.

Accordingly he dismissed the action entirely, and taxed the costs to the original complainants, petitioners here, disallowed any damages, and held that if any party had any remedy it should be before the County Highway Commission. He held that the status of the road remained as it was when determined by the Court of Appeals in 1968.

Petitioners duly excepted to this judgment and appealed to the Court of Appeals, which filed its opinion in the case on September 12, 1974. After tracing the history of the litigation, the Court of Appeals noted the indefinite and vague testimony in the record, and stated that it could not determine from the record whether or not the respondent had in fact obstructed the road, despite the admissions above referred to. That Court accordingly affirmed the action of the Chancellor in dismissing the suit in its entirety.

This Court does not feel that the equities of the case have been reached by the disposition made in either of the courts below. We are unable to agree that the case presented questions of law only. Apart from the legal effect of the County Court resolution, it is our opinion that the case presents little but issues of fact based upon disputed testimony. There does not seem to be any question, however, but that the respondent Lansdell has in fact placed obstructions in the right of way contrary to the original decree of the Court of Appeals in 1968, and that the petitioners have sustained some damages as a result thereof.

It is our opinion that the petitioners are entitled to injunctive relief and to have their damages assessed. Both parties are entitled to a complete declaration of their rights with regard to this rural road.

While the record is admittedly confusing and difficult, it is our opinion that the cause should be remanded to the trial court for a new trial, if necessary, to establish exactly where the right of way is. The parties should be required to file diagrams, photographs or maps as exhibits to their

testimony. The Chancellor may consider the proof already on file and any other proof necessary to determine the location of the right of way unless the parties can agree as to its location. He should then award the petitioners damages against Lansdell at least for the amount which has already been proven, and for any other damages which they may be able to establish. Petitioners should be awarded an injunction against unreasonable interference with their rights of ingress and egress, and the cause should be retained in court for the entry of additional or subsequent orders if necessary. The Chancellor has already concluded that any action with regard to the erection of cattle gaps or the closing of the road must be referred to the County Highway Commission, and neither party has challenged this conclusion on appeal.

All costs of the cause, including the costs on appeal, are taxed to respondent Lansdell. We see no basis for the allowance of counsel fees or punitive damages to petitioners as claimed in their brief.

The judgments of the courts below are reversed and the cause is remanded for such further proceedings as may be necessary.